# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

LOUIS MONROE,             CASE NO. 2:08-cv-01168
                                      JUDGE MARBLEY
       Petitioner,               MAGISTRATE JUDGE KEMP

v.

WANZA JACKSON, Warden,

       Respondent.

## ORDER and
## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on its own motion to consider the sufficiency of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d). Petitioner's request for a stay and appointment of counsel, Doc. Nos. 2, 3, are **DENIED.**

According to the petition and attached exhibits, on February 7, 2005, petitioner was sentenced pursuant to his guilty plea on murder to fifteen years to life. He did not file a timely appeal. On February 23, 2006, he filed a motion to withdraw his guilty plea. On April 28, 2006, the trial journalized judgment dismissing his motion. Petitioner filed a notice of appeal on June 2, 2006. On July 26, 2006, the appellate court dismissed petitioner's appeal as untimely. Petitioner apparently did not file a timely appeal; however, on February 6, 2008, the Ohio Supreme Court denied his motion for delayed appeal and

dismissed petitioner's appeal. Additionally, on January 3, 2008, petitioner filed a state habeas corpus petition in the state appellate court. On February 22, 2008, the appellate court dismissed his state habeas corpus petition on the grounds that petitioner's claims could have been raised on direct appeal or in a petition for post conviction relief. On September 10, 2008, the Ohio Supreme Court denied his subsequent appeal. Finally, on October 28, 2008, petitioner filed a "motion for relief from judgment" in the state trial court. Petition, at 4. That action apparently is still pending.

On December 11, 2008, petitioner filed the instant pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. Petitioner's 5th, 6th, and 14th Amendment rights of the United States Constitution and Crim.R. 32.1 were violated when the trial court denied his motion to withdraw guilty plea.
>
> 2. Petitioner's 6th and 14th Amendment rights of the United States Constitution were violated when he did not receive effective assistance of counsel.
>
> 3. Petitioner's 4th and 14th Amendment rights of the United States Constitution were violated when the complaint filed by Det. Young of the Columbus, Ohio police dep[artment] to secure his arrest warrant was deficient, the complaint also violated Crim.R.4.
>
> 4. Petitioner's 14th Amendment right of the U.S. Constitution was violated when the trial court lacked subject matter jurisdiction.

Petitioner has requested a stay of proceedings pending exhaustion of state court remedies on claim four.

## STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became effective on April 24, 1996, provides for a one-year statute of limitations on the filing of habeas corpus actions. 28 U.S.C. § 2244(d)(1) provides:

> (d)(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction became final on March 9, 2005, thirty days after he was sentenced on February 7, 2005, and when the time period expired to file a timely appeal. *See Searcy v. Carter,* 246 F.3d 515, 518-19 (6th Cir.2001); *Marcum v. Lazaroff,* 301 F.3d 480, 481

(6th Cir.2002); Ohio App.R. 4(A). The statute of limitations ran for 351 days, until February 23, 2006, when petitioner filed his motion to withdraw guilty plea. Presuming that such action was "properly filed," its filing tolled the running of the statute of limitations until May 29, 2006, thirty days after the trial court's April 28, 2006, decision denying petitioner's motion to withdraw guilty plea. The statute of limitations therefore expired fourteen days later, on June 12, 2006. Petitioner's June 2, 2006, delayed appeal did not toll the running of the statute of limitations, since the appeal was untimely and not "properly filed" within the meaning of 28 U.S.C. §2244(d)(2):

> Pursuant to the terms of § 2244(d)(2), however, state court petitions and applications must be both "pending" and "properly filed" in order to stay the AEDPA's one-year period of limitation. *Id.* Untimely motions are not "properly filed" and will not stop the one-year clock. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). FN3
>
> FN3. *See also Raglin v. Randle*, 10 Fed. Appx.314, 315 (6th Cir.2001)( "[U]ntimely state collateral attacks are not properly filed and do not toll the statute of limitations." ); *Hill v. Randle*, 27 Fed. Appx. 494, 496 (6th Cir.2001)(finding that the petitioner's untimely motion for leave to file a delayed appeal did not toll the statute of limitations because it was "not properly filed within the meaning of § 2244(d)(2).").

*Porter v. Hudson,* 2007 WL 2080444 (N.D. Ohio July 16, 2007). *See also Allen v. Siebert*, 128 Sct. 2, 3 (2007)(untimely post conviction petition does not toll the running of the statute of limitations); *Pace v. DiGuglielmo,* 544 U.S. 408, 414 (2005)(same); *Colwell v. Tanner*, 79 Fed.Appx. 89, unpublished, 2003 WL 22332003 (6th Cir. October 9, 2003)(motion to withdraw guilty plea under Ohio Criminal Rule 32.1 is a collateral action and not a part of

4

the direct appeal); *Keister v. Eberline*, 2007 WL 4510216 (N.D. Ohio December 17, 2007)(same); *Stephens v. Jackson*, 2006 WL 840376 (S.D. Ohio March 30, 2006)(same). Further, neither petitioner's October 28, 2008, motion for relief from judgment, nor his January 3, 2008, state habeas corpus petition tolled the running of the statute of limitations under 28 U.S.C. § 2244(d)(2), since the statute of limitations expired prior to the filing of such actions. "The tolling provision does not ... 'revive' the limitations period *(i.e.,* restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir.2003), citing *Rashid v. Khulmann*, 991 F.Supp. 254, 259 (S.D.N.Y.1998); *Winkfield v. Bagley*, 66 Fed.Appx. 578, unpublished, 2003 WL 21259699 (6th Cir. May 28, 2003)(same). Finally, petitioner has failed to allege any extraordinary circumstances that would justify equitable tolling of the statute of limitations in this case.

For all of the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.** Petitioner's request for a stay and the appointment of counsel, Doc. Nos. 2, 3, are **DENIED**.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations

made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp
United States Magistrate Judge