# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**LOUIS MONROE,**

    Petitioner,

v.

**WANZA JACKSON, Warden,**

    Respondent.

CASE NO. 2:-08-cv-01168
JUDGE MARBLEY
MAGISTRATE JUDGE KEMP

## OPINION AND ORDER

On January 8, 2009, the Magistrate Judge issued a *Report and Recommendation* pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254 be dismissed as barred by the one-year statute of limitations under 28 U.S.C. 2244(d). Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation.* For the reasons that follow, petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action hereby is **DISMISSED.**

Petitioner objects to the Magistrate Judge's recommendation of dismissal of his claims as time-barred. Petitioner asserts that his habeas corpus petition is timely and that this Court should equitably toll the running of the statute of limitations because neither the trial court nor his attorney advised him of his right to appeal, and in view of his *pro se* status, a clerk at the prison law library advised him in May 2006 that he needed to exhaust state court remedies prior to filing his federal habeas corpus petition. *See Objections*.

Petitioner's arguments are not well taken.

In *DiCenzi v. Rose*, 452 F.3d 465 (6th Cir. 2006), the United States Court of Appeals for the Sixth Circuit held that an otherwise untimely federal habeas corpus petition may be timely when a defendant is not advised of his right to appeal. In such a scenario, the statute of limitations begins to run under 28 U.S.C. §2244(d)(1)(D), on a claim that the state appellate court improperly denied a motion for delayed appeal, on the date that the state appellate court denied the motion for delayed appeal. *Id.*, at 469. However, petitioner does not raise such a claim in these proceedings. Claims relating to events that occurred at the time of sentencing may be timely under 28 U.S.C. §2244(d)(1)(D), if the petitioner acted in a reasonably diligent manner in learning about his right to appeal:

> The proper task in a case such as this one is to determine when a duly diligent person in petitioner's circumstances would have discovered [his right to an appeal]. After that date, petitioner was entitled to further delay (whether in actually making the discovery, or in acting on a previously made discovery, or for any other reason whatsoever), so long as he filed his petition within one year of the date in which the discovery would have been made in the exercise of due diligence. *Wims*, 225 F.3d at 190.
>
> ***
>
> ... [T]he date on which the limitations clock began to tick is a fact-specific issue the resolution of which depends, among other things, on the details of [a defendant's] post-sentence conversation with his lawyer and on the conditions of his confinement in the period after [sentencing]. *Wims*, 225 F.3d at 190-91 (citing *Easterwood v. Champion,* 213 F.3d 1321, 1323 (10th Cir.2000) (taking into account "the realities of the prison system" in determining due diligence)).

*Id.*, at 470-471. "[P]etitioner bears the burden of proving that he exercised due diligence,

in order for the statute of limitations to begin running from the date he discovered the factual predicate of his claim, pursuant to 28 U.S.C. § 2244(d)(1)(D). *Id.,* at 471, citing *Lott v. Coyle*, 261 F.3d 594, 605-06 (6th Cir.2001).

However, the record in this case fails to reflect that petitioner acted with due diligence. Petitioner was sentenced pursuant to the his guilty plea on February 7, 2005. Approximately one year later, on February 23, 2006, he filed a motion to withdraw his guilty plea. Petitioner states that he did not know he could have filed an appeal and would have done so, had the trial court or defense counsel so advised him; however, he does not indicate the date he learned about his right to appeal – or the procedure for filing a motion to withdraw guilty plea – or what steps he took to discover these rights. In any event, on April 28, 2006, the trial court journalized judgment entry denying petitioner's motion for a new trial. *See Exhibits to Petition.* Petitioner nonetheless failed to timely appeal the trial court's decision. On July 21, 2006,[1] the appellate court denied his June 2, 2006, notice of appeal as untimely. *See id.* Thereafter, petitioner again failed to timely appeal to the Ohio Supreme Court. He waited approximately one year and five months later, until December 24, 2007, to file a motion for delayed appeal. *See State of Ohio ex rel. Louis Monroe v. Wanza Jackson*, 2008 WL 2332576 (Appellees Merit Brief May 30, 2008)(No. 2008-0651). On February 6, 2008, the Ohio Supreme Court denied petitioner's motion for delayed appeal. *See Petition; Exhibits to Petition.* Still, petitioner waited approximately ten more months, until December

---

[1] Petitioner indicates that the appellate court denied his untimely appeal on July 26, 2006; however, the exhibits attached to the petition indicate that the appellate court dismissed his untimely appeal on July 21, 2006.

3

11, 2008, to file the instant habeas corpus petition. Meanwhile, he pursued a state habeas corpus petition dismissed by the Ohio Supreme Court on September 10, 2008, as fatally defective and raising a claim not cognizable in state habeas corpus proceedings, *see State v. Monroe*, 119 Ohio St.3d 344 (2008), and untimely post conviction proceedings. Such actions fail to demonstrate diligence. Notably, petitioner waited an additional three months after the Ohio Supreme Court dismissed his habeas corpus appeal before filing this habeas corpus petition.

The record likewise fails to reflect that equitable tolling of the statute of limitations is appropriate. "[P]etitioner bears the ... burden of persuading the court that he or she is entitled to equitable tolling." *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir.2002). Equitable tolling should be applied only sparingly. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir.2002); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir.2000) (citations omitted). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id.* at 560-61.

> The Supreme Court has explained that "[w]e have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). However, "[w]e have generally been much less forgiving ... where the claimant failed to exercise due diligence in preserving his legal rights." *Id.; cf. Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) ("One who fails

4

> to act diligently cannot invoke equitable principles to excuse that lack of diligence.").

*Jurado v. Burt,* 337 F.3d 638, 642-43 (6th Cir.2003). In order to determine whether to equitably toll the statute of limitations, the Court must consider the following five factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Id.*, at 643, citing *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir.2001). Consideration of these factors fails to indicate that equitable tolling of the statute of limitations is appropriate.

At the time the trial court sentenced petitioner pursuant to his guilty plea, *i.e.*, in February 2005, the statute of limitations in habeas corpus cases had long been in effect, and it would not have been reasonable for petitioner to remain ignorant of the filing requirement for federal habeas corpus cases. Further, there is no reason to conclude that he did not have constructive knowledge of the one-year filing requirement. Lack of actual notice, and "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing." *Fisher v. Johnson,* 174 F.3d 710, 714-15 (5th Cir.1999); *see also United States v. Baker,* 197 F.3d 211, 218 (6th Cir.1999); Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir.1991).

> Even those not versed in the law recognize the centuries-old maxim that "ignorance of the law is no excuse." This maxim, deeply embedded in our American legal tradition, reflects a presumption that citizens know the requirements of the law. The benefits of such a presumption are manifest. To allow an

> ignorance of the law excuse would encourage and reward indifference to the law. Further, the difficulty in proving a defendant's subjective knowledge of the law would hamper criminal prosecutions.

*United States v. Baker, supra*, 197 F.3d at 218. Additionally,

> [t]he Court of Appeals for the Sixth Circuit has explicitly held that a statute of limitations should not be equitably tolled merely because a Petitioner received erroneous advice from his attorney. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir.2004), cert. denied, 543 U.S. 865, 125 S.Ct. 200, 160 L.Ed.2d 109 (2004) ("a petitioner's reliance on the unreasonable and incorrect advice of his or her attorney is not a ground for equitable tolling"); *Jurado v. Burt*, 337 F.3d 638, 644 (6th Cir.2003) ("Generally, 'a lawyer's mistake is not a valid basis for equitable tolling.' "); *see also Johnson v. Hendricks*, 314 F.3d 159, 163 (3rd Cir.2002); *Miranda v. Castro*, 292 F.3d 1063, 1066-67 (9th Cir.2002); *Helton v. Department of Corrections*, 259 F.3d 1310, 1313 (11th Cir.2001); *Harris v. Hutchinson*, 209 F.3d 325, 331 (4th Cir.2000).

*Phillips v. United States*, 2005 WL 3107727 (W.D. Michigan November 18, 2005). Similarly, any delay by petitioner in filing his habeas corpus petition based upon his alleged reliance on advice from a clerk at the prison's law library fails to justify equitable tolling of the statute of limitations for the time period at issue here. As discussed, petitioner failed to exercise diligence in pursuing his claims. Finally, respondent will certainly suffer some prejudice, if only in terms of time and expense, if this Court were to equitably toll the running of the statute of limitations in this case.

Pursuant to 28 U.S.C. 636(b), this Court has conducted a *de novo* review of the Magistrate Judge's *Report and Recommendation*. For all the foregoing reasons, and for the

6

reasons detailed in the Magistrate Judge's *Report and Recommendation*, petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. 2244(d).

    **IT IS SO ORDERED.**

    s/Algenon L. Marbley
    ALGENON L. MARBLEY
    United States District Judge